Kurt Holzer
HOLZER♦EDWARDS, CHARTERED
1516 W. Hays
Boise, Idaho 83702-5316
Telephone: 208/386-9119
Facsimile: 208/386-9195
ISB No. 4557
kholzer@holzeredwards.com

Todd G. Riff
RIFF & ASSOCIATES, P.C.
1225 North Loop West, Suite 1020
Houston, Texas 77008
Telephone: (713) 237-1100
Facsimile: (713) 2370278
Texas Bar No. 16915870
triff@rifflawfirm.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KYLE ALBERTI AS NEXT FRIEND OF K.A., a minor<br><br>    Plaintiff,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, LLC.,<br><br>    Defendant. | Case No. 1:17-cv-00108-CWD<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW Plaintiff Kyle Alberti a/n/f of his minor son, K.A., by and through his attorneys, Kurt D. Holzer, Holzer Edwards, CHTD, and Todd G. Riff, Riff & Associates, P.C. and for his claim for relief against Defendant Remington Arms Company, LLC. states and alleges as follows:

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -1

**PARTIES**

1. Plaintiff Kyle Alberti a/n/f of his minor son, K.A., (hereinafter collectively "Plaintiff") resides at 2546 East 3100 North, Twin Falls, ID 83301.

2. Defendant Remington Arms Company, LLC (hereinafter "Remington") is a Delaware Corporation and is authorized to do business in the state of Idaho. Service should be made upon its registered agent, CT Corporation System, 921 S. Orchard Street, Ste. G, Boise, ID 83705 unless Defendant Remington Arms Company, LLC, waives service pursuant to Rule 4(d), Fed. Rule Civ. Proc.

**JURISDICTION, VENUE AND SERVICE OF PROCESS ALLEGATIONS**

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332 in that all facts and occurrences alleged below took place in Twin Falls County, Idaho. Additionally, the Plaintiff is a citizen of Idaho, the Defendant is a corporate citizen of the State of Delaware, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

4. Venue is proper within the Southern Division of Idaho because the incident which gives rise to this complaint occurred within Twin Falls County, Idaho.

**COMMON ALLEGATIONS**

5. Defendant Remington was and is now engaged in the business of designing, manufacturing, assembling, distributing and selling firearms.

6. Defendant Remington did design, manufacture, distribute, sell and place into the stream of commerce, the Remington 870 Youth Model Shotgun including the fire control system and safety, bearing Serial Number D296453U (hereinafter the "Shotgun"), knowing and expecting said Shotgun would be used by consumers and around members of the general public.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -2

7. Remington continues in the design, manufacture, distribution and sale of all Remington Arms product lines including the Remington 870 Youth Model Shotgun, without any significant changes.

8. On December 26, 2014, 11 year old Plaintiff K.A. (hereinafter "K.A.") was tracking a bobcat in Cedar Creek Canyon near Rogerson, Twin Falls County, Idaho with his father Kyle Alberti (hereinafter "Kyle").

9. K.A. was carrying the Remington 870 Youth Model Shotgun that he was given by his father. Kyle left his shotgun in their truck, assuming K.A. would shoot the bobcat if they found it.

10. K.A. left his gloves in the truck and when his hands got cold, he asked his father to carry his Shotgun until they found the bobcat they were tracking.

11. K.A., as trained by his father, always kept the safety "on" until it was time to shoot.

12. Before handing his shotgun to his father, K.A. checked and confirmed the safety was on.

13. As soon as he was handed the shotgun by his son, Kyle checked and confirmed the safety was on before beginning to walk down the trail, a few paces in front of his son, K.A.

14. Kyle carried the Shotgun in his right hand in the traditional "trail carry" or "field carry" position, meaning he was holding it in the palm of his right hand which was in front of the trigger guard and behind the fore-end, pointing in front of him and downward.

15. After taking a few steps, Kyle slipped on snow covered ice, lost his balance, and as his feet flew out in front of him, his hands involuntarily flew up in the air causing Kyle to lose his grip on the Shotgun which turned roughly 180 degrees in the air before landing on the ground below Kyle's left foot and pointing past Kyle's left ear.

16. When the Shotgun hit the ground, believed to be butt first, it fired a shot past Kyle's left ear striking K.A., who was standing behind his father.

17. The trigger was not pulled or contacted in any manner, but instead the Shotgun fired as a result of being moved due to forces exerted on the fire control system simply by the Shotgun being dropped on the ground.

18. Remington is aware of many other guns like the subject Shotgun firing absent a trigger pull. In fact, Remington has a name for this phenomenon which they call a "jar off".

19. The blast from the Shotgun traveled into K.A.'s left thigh ultimately causing serious and permanent injury and scarring.

20. Kyle, on behalf of K.A., is bringing this action to recover damages from Defendant arising from K.A.'s personal injuries caused by this incident.

21. Plaintiff's damages include past and future: medically related expenses, mental and physical pain and suffering; impaired earning capacity, permanent impairment and disability, disfigurement; and other general and special damages in an amount to be determined by the jury at trial of this action.

## COUNT I
## **STRICT LIABILITY**

Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 of the Complaint as though set forth at length herein.

22. The Shotgun, as designed, manufactured, sold and distributed by Defendant was in a defective condition, unreasonably dangerous to the user, consumer or bystander, their property and the public in general.

23. Kyle, a consumer of the general public, used the Shotgun in a reasonably foreseeable manner.

24. The Shotgun as designed, manufactured, sold and distributed by Defendant was in substantially the same condition as when it was manufactured by Defendant.

25. The Shotgun was defective and unreasonably dangerous when it was sold by Defendant and at the time it left their possession and control.

26. Plaintiff was injured as a direct and proximate result of the defective design, manufacture, sale and distribution of the Shotgun.

27. The defective design, manufacture, sale and distribution of the Shotgun was the cause or a substantial factor in causing the incident in question.

28. By reason of the Defendant's defective design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

29. By reason of the Defendant's defective design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. has and will continue to undergo medical treatment and incur medically related expenses.

30. By reason of the Defendant's defective design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. will have an impaired earning capacity.

31. By reason of the Defendant's defective design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. has and will suffer from a permanent disability and disfigurement for the remainder of his lifetime.

32. By reason of the Defendant's defective design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. has and will be deprived of the ordinary pleasures of life.

33. Plaintiff has suffered and is entitled to recover damages from Defendant as a direct and proximate result of the defective design, manufacture, sale and distribution of the Shotgun.

34. Defendant's conduct in the design, manufacture, sale and/or failure to warn of the Shotgun was outrageous or malicious and otherwise justifies an award of punitive damages; therefore Plaintiff reserves the right to amend this complaint pursuant to Idaho Code section 6-1604 to seek such damages.

## COUNT II

## STRICT LIABILITY FAILURE TO WARN

35. Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 34 of the Complaint as though set forth at length herein.

36. The Shotgun was in a defective and unreasonably dangerous condition because of the failure to warn of its propensity to unexpectedly discharge without pulling the trigger and the failure to properly instruct about its care and maintenance.

37. Plaintiff had no knowledge of said defective conditions present in the Shotgun and had no reason to suspect it was unreasonably dangerous prior to the inadvertent discharge that injured K.A..

38. As a direct and proximate result of the Defendant's failure to warn of the Shotgun's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, K.A. has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

39. By reason of the Defendant's failure to warn of the Shotgun's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, K.A. has and will continue to undergo medical treatment and incur medically related expenses.

40. By reason of the Defendant's failure to warn of the Shotgun's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, K.A.y will have an impaired earning capacity.

41. By reason of the Defendant's failure to warn of the Shotgun's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, K.A. has and will to suffer from a permanent disability and disfigurement for the remainder of his lifetime.

42. By reason of the failure to warn of the Shotgun's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, K.A. has and will be deprived of the ordinary pleasures of life.

43. Defendant's conduct in the design, manufacture, sale and/or failure to warn of the Shotgun was outrageous or malicious and otherwise justifies an award of punitive damages and therefore Plaintiff reserves the right to amend this complaint pursuant to Idaho Code section 6-1604 to seek such damages.

# COUNT III

## NEGLIGENT DESIGN AND MANUFACTURE

44. Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 43 of the Complaint as though set forth at length herein.

45. Defendant negligently designed, manufactured, sold and distributed the Shotgun in its defective and unreasonably dangerous condition.

46. Defendant was negligent, careless and reckless in one or more of the following respects:

    a. In designing a fire control that will fire without a pull of the trigger;

    b. In designing a fire control that will "jar off";

    c. In manufacturing a fire control without proper or adequate quality control procedures or checks; and

    d. In failing to warn users and handlers of the shotguns of the potential for firing absent a pull of the trigger.

47. As a direct and proximate result of Defendant's negligent, careless and reckless design, manufacture, sale and distribution of the Shotgun, K.A. has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

48. By reason of the Defendant's negligent, careless and reckless design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, K.A. has and will continue to undergo medical treatment and incur medically related expenses.

49. By reason of the Defendant's negligent, careless and reckless design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, Plaintiff will have an impaired earning capacity.

50. By reason of the Defendant's negligent, careless and reckless design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, Plaintiff has and will continue to suffer from a permanent disability and disfigurement for the remainder of his lifetime.

51. By reason of the Defendant's negligent, careless and reckless design, manufacture, sale and distribution of the Shotgun, and the direct and proximate cause thereof, Plaintiff has and will be deprived of the ordinary pleasures of life.

52. Defendant's conduct in the design, manufacture, sale and/or failure to warn of the Shotgun was outrageous or malicious and otherwise justifies an award of punitive damages and therefore Plaintiff reserves the right to amend this complaint pursuant to Idaho Code section 6-1604 to seek such damages.

## COUNT IV

## NEGLIGENT FAILURE TO WARN

53. Plaintiff incorporates herein by reference each and every allegation set forth herein in Paragraphs 1 through 52 of the Complaint as though set forth herein.

54. Defendant negligently, carelessly and recklessly failed to warn of the Shotgun's propensity to discharge unexpectedly without pulling the trigger and failed to properly instruct about its care and maintenance.

55. Plaintiff had no knowledge of said defective conditions present in the Shotgun and had no reason to suspect it was unreasonably dangerous prior to the inadvertent discharge which injured K.A..

56. As a direct and proximate result of Defendant's negligent, careless and reckless failure to warn of the Shotgun's propensity to unexpectedly discharge and failure to properly instruct

about its care and maintenance, K.A. has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

57. By reason of the Defendant's negligent, careless and reckless failure to warn of the Shotgun's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, K.A. has and will continue to undergo medical treatment and incur medically related expenses.

58. By reason of the Defendant's negligent, careless and reckless failure to warn of the Shotgun's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff will have an impaired earning capacity.

59. By reason of the Defendant's negligent, careless and reckless failure to warn of the Shotgun's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff has and will suffer from a permanent disability and disfigurement for the remainder of his lifetime.

60. By reason of the Defendant's negligent, careless and reckless failure to warn of the Shotgun's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff has and will be deprived of the ordinary pleasures of life.

61. Defendant's conduct in the design, manufacture, sale and/or failure to warn of the Shotgun was outrageous or malicious or otherwise justifies an award of punitive damages and therefore Plaintiff reserves the right to amend this complaint pursuant to Idaho Code section 6-1604 to seek such damages.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant as follows:

    a.    For compensatory, special and general damages against Defendant in a fair and reasonable amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiff's losses, in excess of Seventy-Five Thousand Dollars ($75,000);

    b.    For a doubling of all damages incurred pursuant to the provisions of Idaho Code § 18-3307;

    c.    For attorney's fees and costs incurred in this action as permitted by law;

    d.    For interest from the date of the incident as permitted by law; and

    e.    For such further and additional relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff prays that the causes of action alleged herein be tried in this Court before a jury of his peers.

Dated this 15th day of March, 2017.

HOLZER EDWARDS, CHARTERED

By: /s/ Kurt D. Holzer
      Kurt D. Holzer

and

Todd G. Riff
RIFF & ASSOCIATES, P.C.
1225 North Loop West, Suite 1020
Houston, Texas 77008
Telephone: (713) 237-1100
Facsimile (713) 237-0278
Texas Bar No. 16915870
triff@rifflawfirm.com

Attorneys for Plaintiff